32 So.2d 209

**STEINBERG et al. v. STEINBERG.**

5 Div. 432.

Supreme Court of Alabama.

Oct. 16, 1947.

Harry D. Raymon, of Tuskegee; and Rosenthal & Rosenthal, of Birmingham, for appellants.

530

Smiley & Smiley, of Birmingham, for appellee.

GARDNER, Chief Justice.

Suit by Isadore Steinberg against his former employers, the defendants in this cause, partners doing business as the Tuskegee Wholesale Grocery Company, brought under the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. to recover alleged unpaid overtime compensation, liquidated damages and attorney's fees, as provided in said Act.

The salient features of the Fair Labor Standards Act are set out in Cudahy Packing Co. of Alabama v. Bazanos, 245 Ala. 73, 15 So.2d 720, and need not be here repeated.

■ The defendants operate a wholesale grocery concern in Tuskegee, Alabama, and make their sales solely to retail merchants within this State. Though their goods are purchased and shipped by way of interstate commerce, the defendants themselves cannot be said to be engaged in interstate commerce within the usual meaning of that term. But this is not essential.

As pointed out by the Supreme Court of the United States in A. B. Kirschbaum Co. v. Walling, Administrator, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638, the character of business of the employer is not the controlling matter of consideration; the question for determination relates to the character of business in which the employee is engaged. And our court, in line with the decisions of the U. S. Supreme Court, so held in Cudahy Packing Co. of Alabama v. Bazanos, supra, where was the express declaration that it was not the nature of the employer's business which determines the right of an employee to receive benefits under the Fair Labor Standards Act, but the character of services performed by the particular employee. To use the language of the opinion [245 Ala. 73, 15 So. 2d 723]; "It is the work of the employee which is decisive."

■ The applicable law concerning this particular Act is also fully discussed in Walling v. Jacksonville Paper Co., 317 U.S. 564, 63 S.Ct. 332, 87 L.Ed. 460, and Allesandro v. C. F. Smith Co., 6 Cir., 136 F.2d 75, 149 A.L.R. 382, to which latter case there is a very full and comprehensive note embracing the many decisions arising under this Act. These authorities demonstrate that when the goods which are shipped from out of the State come to rest in the State upon being unloaded in the warehouse (as the case here under consideration), and the interstate commerce in which they have been shipped thereby comes to an end, any subsequent movement thereof from the warehouse to the customers' places of business within the State is not ordinarily a continuation of the interstate commerce and employees engaged therein are not engaged in commerce within the contemplation of the Act. In Walling v. Jacksonville Paper Co., supra [317 U.S. 564, 63 S.Ct. 335], the court made some observations indicating an exception when the goods are merely temporarily in the warehouse, or to use the language of the court, there is "a temporary pause in their transit." We are not here, however, con-

cerned with any exception to the rule as above announced.

The case, therefore, for determination here is whether or not the activities of this plaintiff were such as to bring him within the coverage of the Act under decisions above noted. .

█ This cause was tried upon an agreed statement of facts. . We recognize, as counsel for defendants insist, that the burden rests upon the plaintiff in this case to establish by sufficient evidence that his activities constituted an engagement in commerce within the meaning of the Act. Warren-Bradshaw Drilling Co. v. Hall, 317 U.S. 88, 63 S.Ct. 125, 87 L.Ed. 83; 31 Am.J. 1060. But the authorities are to the effect that the entire time and work of the. employee need not be thus in commerce. If a substantial part of his work is in com- merce he must be considered within the coverage of the Act.

We have omitted any reference to pro- ·ducing goods for commerce, as is also in- cluded in the Act, for the reason that no such activity is here involved.

As we have indicated the Act is silent as to employees engaged in the distribution of goods which have ceased to move in the channels of interstate commerce and have acquired a situs within the State. This was clearly pointed out in Serio v. Dee Cigar & Candy Co., 243 Ala. 306, 9 So.2d 909. And in Hinkle v. Frank Nelson Bldg. Inc., 245 Ala. 679, 18 So.2d 374, many au- thorities are noted from the Federal courts concerning this question of the employee being engaged in commerce within the meaning of the Fair Labor Standards Act. . Upon this question, of course, each case must turn upon its own particular facts.

In McComb, Administrator of the Wage and Hour Division, U. S. Dept. of Labor v. Steinberg, D.C., 74 F.Supp. 255, the Unit- ed States District Court for the Middle District of Alabama, Eastern Division, granted injunctive relief to the Adminis- trator against violation of the Act in so far as its interstate character was con- cerned, that is the shipment of the goods from without the State, and being from the carrier unloaded into the warehouse of ·the defendants at Tuskegee; but ex- pressly, of course, excepted in the decree rendered those employees engaged exclu- sively in the local distribution of goods .after they have come to rest in defendants' warehouse. This decision is in keeping, as we interpret them, with the authorities above noted.

Coming therefore to consideration of the question as to whether or not the plaintiff was engaged in commerce, we must look to the agreed statement of facts. True the agreed facts discloses that the plaintiff kept no record as to the time spent in the various capacities of·truck driver, helper, outside salesman, shipping clerk and ware- houseman. It does disclose, however, that the plaintiff unloads goods from freight trains at the railway station for delivery to the warehouse. He acted as shipping clerk and sometimes warehouseman, and as warehouseman he checked the inventory, helped take inventory, directed the loading and unloading of merchandise in and out of the warehouse.

Plaintiff, as above indicated, acted as truck driver, helper, shipping clerk and warehouseman, and in unloading goods from freight cars to trucks at the railway station, goods which were shipped from outside the State of Alabama, the goods being taken by truck to defendants' ware- house and stored. True he did other work which was not of an interstate character, such as, that of an outside salesman, solicit- ing orders from retail customers, and also assisting in loading goods from the ware- house on the trucks for delivery to the retail distributors.

█ Nevertheless,· we are persuaded that notwithstanding the general nature of plaintiff's activities, it would be too nar- row a construction of the agreed statement of facts to hold that it was insufficient to show that a substantial part of his work was in commerce within the meaning of this Act. We think it clear enough that the trial court was justified in concluding that the work of this plaintiff in a very substan- tial degree was in relation to the goods which came to defendants' warehouse from without the State and that the conclusion reached by the trial court was justified by

532

the proof as it appeared in the agreed statement of facts.

There is no question presented as to the amount of recovery, that being agreed upon in event the plaintiff was entitled to recover.

It follows, therefore, that in our opinion the judgment of the court below is correct and should be here affirmed. It is so ordered.

Affirmed.

FOSTER, LAWSON and STAKELY, JJ., concur.